UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Ceaser Sierra,

                Plaintiff,

     -against-

Commercial Recovery Systems, Inc.

                Defendant.
-------------------------------------------------------X

Civil Action No.: _____

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

**13 CV 3214**

    Plaintiff Ceaser Sierra ("Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, as and for his Complaint against the Defendant Commercial Recovery Systems, Inc. ("Defendant"), brings this action seeking damages and declaratory relief arising from the Defendant's violations of §1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), and respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,

and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer". Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993).

## PARTIES

1. Plaintiff is a natural person and resident Weschester County, residing at 78 Grassy Sprain Road, Yonkers, New York 10710, and at all relevant times herein, Plaintiff maintained his residence at this address.

2. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

3. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Texas and authorized to conduct business in the State of New York.

4. Upon further information and belief, Defendant is engaged in the business of collecting debts incurred and alleged to be incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 8035 E. R. L. Thornton, #220 , Dallas, Texas 75228.

5. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

6. Upon further information and belief, on a website maintained by the Defendant at the URL address of www.crsresults.com, Defendant informs visitors to the site "CRS prides itself on

its people. Their excellence, integrity and depth of knowledge are unmatched in the debt collection industry"

7. Upon information and belief, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

8. Upon information and belief, Defendant was attempting to collect a "debt" from Plaintiff, as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA.

9. Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt from Plaintiff.

10. Upon information and belief, Defendant transmitted a "communication" to the Plaintiff as that term is used in 15 U.S.C. §1692a(2).

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201 and §2202.

12. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

14. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Plaintiff allegedly incurred a debt to Chase Bank ("Alleged Debt").

16. Upon information and belief, the nature of the Alleged Debt is the type of debt that the FDCPA was designed to regulate.

17. Beginning in or around April 2013, Defendant commenced collection activities against Plaintiff to recover the Alleged Debt.

18. Upon information and belief, on or about April 3, 2013, Defendant placed a telephone call to Plaintiff's residence.

19. A transcript of the audio recording related to that communication is annexed hereto and is incorporated herein, as Exhibit A.

20. Upon information and belief, Defendant's communication was made for the purpose of attempting to collect a consumer debt or otherwise demand payment.

21. Defendant willfully failed to identify itself as a debt collector.

22. Defendant willfully failed to state its company name.

23. Defendant willfully failed to state that the call was an attempt to collect on a debt.

24. Upon information and belief, the omissions were an attempt to deceive Plaintiff.

25. Defendant's clear and willful violations of the FDCPA warrant an award of damages, attorney's fees and costs.

## FIRST CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. § 1692e(11)

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendant violated 15 U.S.C. §1692e(11), which requires all initial communications to contain disclose that "This is an attempt to collect a debt" and subsequent communications to disclose that the communication is from a "debt collector".

28. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. §1692e(14)

29. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. The failure of Defendant to provide the true name of Defendant's company is a violation of 15 U.S.C. §1692e(14).

31. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

32. Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ceaser Sierra demands judgment against the Defendant Commercial Recovery Systems, Inc., as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A):

C.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.  For a declaration that the Defendant is subject to the requirements of the FDCPA and its practices, as alleged herein, violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       May 9, 2013

Respectfully submitted,

By: _____
    Fredrick Schulman (FS 2664)
FREDRICK SCHULMAN & ASSOCIATES
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053

# EXHIBIT A

Exhibit A - TRANSCRIPT

This is [inaudible] looking for Ceasar Sierra.  Mr. Sierra I tried getting in contact with you on more than one occasion.[inaudible] please return the phone call concerning your [inaudible] Chase bank. [inaudible] my number is 800-214-5303, 800-214-5303.